**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE HORNBERGER, an individual, | No. 15-55249 |
| Plaintiff-Appellant, | D.C. No. 8:14-cv-01645-DOC-RNB |
| v. | |
| MERRILL LYNCH PIERCE FENNER & SMITH, INC., Delaware Corporation; BANK OF AMERICA CORPORATION, a Delaware Corporation; MERRILL LYNCH & CO., INC., a Delaware Corporation, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted January 13, 2017
Pasadena, California

Before:  TROTT, McKEOWN, and WATFORD, Circuit Judges.

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

After reading the briefs, listening to oral argument, and examining the record, we conclude that Hornberger's questionable claims involving "Japanese Yen Notes," which he alleges had a value in 2000 of $2 billion, are barred by the applicable state statutes of limitation, the most generous of which is four years. Our conclusion also covers his request for an accounting. The document from Merrill Lynch faxed to Hornberger by William Meadows on March 18, 2002 put Hornberger on actual notice that Merrill Lynch had not monetized the notes, could not verify their validity, and wanted "no responsibility" for them. Moreover, Hornberger knew that Meadows had asked Merrill Lynch to return the notes. We agree with the district court that Hornberger's failure to take any legal action on this matter until November 19, 2013 was not excused by either the discovery rule, equitable estoppel, or equitable tolling.

AFFIRMED.

<u>Hornberger v. Merrill Lynch, et al</u>, No. 15-55249

TROTT, Circuit Judge, concurring:

During oral argument, it became clear that Hornberger's claim for an accounting is both moot and frivolous.  First, Hornberger had no account with Merrill Lynch.  The account was opened by William Meadows, now deceased, and Wellington International Trust.  Second, Merrill Lynch showed a binder of documents to Hornberger's first round of lawyers and to Hornberger himself.  The documents included Meadows's signed receipt for the notes which Meadows had asked Merrill Lynch to return.  In a document submitted under penalty of perjury, Hornberger admits reviewing this signed receipt. The date of the receipt was 2002.  Hornberger's uncorroborated self-serving claim that Meadows's signature and initials on the receipt were forgeries lacks any indicia of credibility. Third, his current attorney's representation during oral argument as an officer of the court that he had "yet to be shown" any documents from Merrill Lynch about the status of the accounts was directly contradicted by his further admission that Merrill Lynch had shown him a signed copy of the 2002 faxed receipt "once we initiated litigation."  Counsel for Hornberger concedes that he wants "an accounting as to what happened to the notes."  This objective has already been achieved.  Counsel's request amounts to asking us to send the district court on a wild goose chase.